DOWNEY, Chief Judge.
Appellant, Pamela Whitaker, seeks review of a summary final judgment for ap-pellee determining that appellant was not entitled to insurance coverage.
Pamela owned a 1973 Porsche which was uninsured. At a time when she resided with her sister, Frances Collins, Pamela was injured in an accident while driving Frances’ automobile. Frances had a policy of automobile insurance with appellee, Allstate Insurance Company, which contained the standard provision insuring not only the named insured, Frances Collins, but also a relative of the owner residing in the same household. Thus, Pamela claimed coverage under the policy, but Allstate rejected the claim and this suit ensued.
There was no genuine issue of material fact remaining in this case and the trial court was correct in entering summary judgment. The very provision of the Florida Automobile Reparations Reform Act, 627.736(4)(d)(3) (1977), providing for coverage for relatives of the named insured residing in the same household contains an unambiguous proviso:
“. . . provided the relative at the time of the accident is domiciled in the owner’s household and is not himself the owner of a motor vehicle with respect to which security is required under §§ 627.-730-627.741.”
This very same exclusion was set forth in the insurance policy of appellant’s sister. There is no question here that Pamela had a motor vehicle with respect to which security was required under Sections 627.730-627.-741, Florida Statutes (1977).
The thrust of appellant’s argument on appeal is that, as a result of ambiguities contained in the policy, appellant is a “named insured” and thus entitled to coverage. We have considered this contention and find it to be without merit.
Thus, we affirm the judgment appealed from.
AFFIRMED.
ANSTEAD and LETTS, JJ., concur.